NELLIE PARKHURST *v.* PATRICK J. HEALY.

May Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 4, 1921.

*Petition for ·New Trial—Treating Juror—Evidence Insufficient to Support Petition.*

1. If a party during the trial of a cause gives drinks of intoxicating liquor to jurors by way of treat, the verdict should be set aside and a new trial granted, not only under the express provisions of G. L. 1885, but for reasons of public policy independent of the statute.

2. A petition for a new trial on the ground that during the trial a party to the cause gave drinks of intoxicating liquor to jurors by way of treat, is not sustained by an unsupported affidavit to that effect, which is denied by the party and two of the three jurors involved, and contradicted by the extrajudicial statements of the affiant.

ORIGINAL PETITION to the Supreme Court for Bennington County for a new trial in the case of *In re Healy's Will* on the ground that the petitionee, during the trial of such case, treated certain jurors with intoxicating liquor. The opinion states the case.

*James K. Batchelder* for the petitioner.

*Collins M. Graves* and *Henry Chase* for the petitionee.

MILES, J. This is a petition for a new trial of the case "In re Will of Kate Healy, Patrick J. Healy, Proponent, Nellie Parkhurst, Contestant." The question involved in that case was whether the instrument proposed for probate as the last will and testament of Kate Healy was her last will and testament. The probate court for the district of Bennington allowed the will as such, to which the contestant took an appeal to the county court, where the case was afterwards tried by jury, who

found that the instrument proposed was the last will and testament of Kate Healy, and judgment on the verdict was rendered allowing the will. Exceptions were taken by the contestant to this Court, and on January 27, 1920, judgment was affirmed, and February 7, 1920, the case was certified to the probate court for the district of Bennington.

The petition, among other things, set forth that John T. Carroll ran a licensed saloon for the sale of intoxicating liquor at No. 122 North Street, in the village of Bennington, and during all the days and evenings of the days of said trial did sell by himself and his bartenders intoxicating liquors to divers persons in said saloon; that on one of the days during the trial of said cause, after the jury were impaneled and before verdict was rendered, three of the panel entered said saloon and ordered drinks of the petitionee, who then and there gave to each of said jurymen the same without charge and by way of treat, namely, intoxicating liquor or other drink, well knowing that they were jurymen in said cause then on trial.

The only evidence in support of these allegations was the affidavit of Joseph F. Hogan, which was as follows: "At Troy in the County of Rensselear and State of New York, comes Joseph F. Hogan of Bennington in the County of Bennington and State of Vermont and on oath says that he is a resident of said Bennington, and while the case of *Patrick Healy* v. *Nellie Parkhurst* was being tried in the Bennington County Court, he was in the saloon of John Carroll where Patrick Healy was employed and saw him waiting on three of the members of the jury who had been impaneled in that case. That they ordered drinks of said Patrick Healy which said Healy served to them without charge, and that the names of said jurors were Newton Cottrell, J. D. Clement and Moses Wilson."

[1] The petition is based upon Section 1885 of the General Laws which provides: "If a party in whose favor a verdict is rendered during the same term of court gives to a juror in the case, knowing him to be such, victuals or drink, or procures it to be done, by way of treat, either before or after such verdict, the same, on proof thereof, shall be set aside and a new trial granted." The question here presented is purely one of fact. If the petitionee did give to the jurors named drink by way of treat, the verdict should be set aside and a new trial granted. Not only is the statute imperative that such should be done, but

public policy, independent of the statute, demands such a result. We have carefully examined the affidavit of Hogan, attached to the petition, and the counter affidavits taken by the petitionee bearing upon that question, to ascertain the truth of the matter, and reach a correct result.

[2]   No counter affidavit or deposition was taken of Hogan, by the petitionee, and all we have in support of the petition is the *ex parte* affidavit of Hogan, and there is very little in that.

The affidavit standing alone, and denied in its essential features by the depositions of Healy, Cottrell, and Wilson, and in view of Hogan's declarations to Graves and Gardner that he never signed the affidavit with the statement in it, that the jurors ordered drinks of Healy, who served it to them without charge, all question of the petitioner's failure to make out the allegations in her petition, by the necessary measure of proof, is set at rest, and the petition is dismissed, with costs to the petitionee.

*To be certified to the probate court.*